**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNIVERSAL MUSIC MGB NA LLC, a California limited liability company; and CASA RICORDI S.R.L., an Italian limited liability company, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> QUANTUM MUSIC WORKS, INC., an entity of unknown form, DOES, 1-10, inclusive, <br><br> Defendants-Appellees. | No. 17-56925 <br><br> D.C. No. 2:16-CV-03397-FMO-AJW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted April 8, 2019**
Pasadena, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before:  GRABER and BYBEE, Circuit Judges, and ARTERTON,*** District Judge.

Plaintiffs Universal Music MBG LLC ("Universal") and Casa Ricordi S.R.L. ("Casa Ricordi") timely appeal the district court's dismissal for lack of personal jurisdiction over their action for copyright infringement against Defendant Quantum Music Works ("Quantum"). Reviewing de novo that dismissal, *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011), we reverse.

Federal Rule of Civil Procedure 4(k)(2) ("Rule 4(k)(2)") authorizes a district court's exercise of personal jurisdiction over a defendant where: i) the plaintiff's claim arises from federal law; ii) the defendant is not subject to the personal jurisdiction of any state court of general jurisdiction; and iii) the district court's exercise of personal jurisdiction comports with due process. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006). The due process analysis mirrors that of personal jurisdiction under Rule 4(k)(1), which requires that:

> (1) The non-resident defendant must *purposefully direct his activities* or consummate some transaction with the forum or resident thereof . . . ;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

---

*** The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

*Mavrix*, 647 F.3d at 1227–28. The difference is simply that under Rule 4(k)(2), instead of considering the defendant's contacts with the forum state, the court should consider the defendant's "aggregate contacts . . . with the United States as a whole." *Pebble Beach Co.*, 453 F.3d at 1158.

Plaintiffs claim violation of federal copyright law, 17 U.S.C. § 101 *et seq.*, so their claim arises under federal law. A defendant "who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed. . . . If, however, the defendant . . . refuses to identify any other [state] where suit is possible, then the federal court is entitled to use Rule 4(k)(2)." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007) (quoting *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001)). Because Quantum has not identified any other state where it may be sued, the sole question becomes whether exercise of jurisdiction over Quantum under Rule 4(k)(2) comports with due process. *See Pebble Beach Co.*, 453 F.3d at 1159.

First, the "purposeful direction" prong of the due process analysis is satisfied here because Quantum "(1) committed an intentional act, (2) expressly aimed at the [United States], (3) causing harm that [Quantum] knows is likely to be suffered in the forum state." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017) (internal quotation marks omitted). The first and third requirements are met. Quantum committed an intentional act by granting a license

for *Nessun Dorma* to NBCUniversal, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 806 (9th Cir. 2004); and Quantum knew that harm was likely to be suffered in the United States because it purported to license the use of a work whose copyright was registered to Universal, a California company, *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 679 (9th Cir. 2012), *overruled in other part as recognized by Axiom Foods*, 874 F.3d at 1070.

The second requirement is also met because Quantum's acts were expressly aimed at the United States as a whole. Quantum licensed *Nessun Dorma* to NBCUniversal, a company based in the United States. That license was for an advertising campaign which ran throughout the United States. And Quantum ran an English-language website which "allow[ed] [and] promote[d] the transaction of business within" the United States, *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988), and encouraged users to "enter[] into contracts . . . that involve the knowing and repeated transmission of computer files over the Internet," *Mavrix*, 647 F.3d at 1226 (internal quotation marks omitted). Under this court's purposeful direction test, which is "not rigid and formalistic, but rather practical and pragmatic," *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008), Quantum purposefully directed its activities at the United States as a whole.

Second, Plaintiff's claim arises from Quantum's activities related to the United States. Quantum's selling of a license to NBCUniversal through its website

for use in a U.S.-based advertising campaign plainly underlies Plaintiff's copyright infringement claim.

Third, the district court's exercise of personal jurisdiction over Quantum in this action does not offend traditional notions of fair play and substantial justice. At this stage, the burden is on Defendant to present a "compelling case" that such exercise of jurisdiction would be unreasonable and unjust. *Mavrix*, 647 F.3d at 1228. Because Quantum has made no such argument, it has not met its burden and no compelling case has been demonstrated against the exercise of jurisdiction.

The district court has jurisdiction over Quantum under Rule 4(k)(2).

**REVERSED AND REMANDED.**